# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## S. V. R. R. Company v. Robinson.

### November 11th, 1886.

Railroad Companies—*Land damages—Broken promises—Remedy.*— Demurrer lies to bill to set aside order made under Code 1873, ch. 56, confirming report of commissioners assessing damages to land-owner for part taken for company's purposes, and to residue of tract beyond peculiar advantages, although bill avers that company faslely promised to establish a depot on said part, and that by such promise commissioners were induced to assess less damages, and land-owner not to except to their report; the land-owner's remedy being at law for damages for breach of promise.

Argued at Staunton, but decided at Richmond.

Appeal from decree of circuit court of Botetourt county, rendered 1st June, 1885, in the chancery cause wherein Starkie Robinson was complainant and the Shenandoah Valley Railroad Company was defendant.

Object of the suit was to annul county court's order of 9th August, 1881, confirming report of commissioners appointed under Code 1873, chapter 56, to assess damages for the part of complainant's land taken for the defendant's purposes, &c., on the ground that the defendant induced the commissioners to assess the damages too low, and the plaintiff to make no exception to their report by its promise to establish a depot on plaintiff's land, which promise was false and never fulfilled. The circuit court decreed the annulment of the order, and

appointed a new commission to reassess the damages. From this decree the company obtained an appeal and *supersedeas* from one of the judges of this court.

Opinion states the case.

*Edmund Pendleton*, for the appellant.

*Glasgow & Glasgow*, for the appellee.

LACY, J., delivered the opinion of the court.

In 1881, the appellant company constructed its railway through the said county, and through the lands of the appellee, and the land damages were assessed by proceedings in the county court of said county, as is prescribed in chapter 56 of the Code of 1873.

In April, 1885, the appellee filed his bill in the circuit court of Botetourt county, to set aside the proceeding had in the county court in 1881, by which the land damages were assessed and from which no appeal was ever taken, and to have a new commission appointed and damages again assessed.

The ground of this application is, that the company, through its representatives, falsely impressed the first commission with the idea that the complainant was to have a depot located on his land by the said company, and the said commission took into account the estimated benefit the complainant would enjoy by reason of this depot, which has never been established, and deducted a large sum on that account from the damages to be allowed as land damages.

The railroad company demurred and answered, and proofs were taken on both sides. When the cause came on to be heard the circuit court overruled the demurrer; and being of opinion that a new commission should be appointed by the

said court to ascertain the plaintiff's damages from the location of the defendant's way through his land, in which no estimate should be made of the advantage or disadvantage to the plaintiff from any prospective establishment of a depot on his land, appointed a new commission of five persons to go upon and assess the value of the land taken by the defendant company, without reference to any former assessment, which should not be given in evidence before them.

From this decree an appeal is taken; and the first error assigned is the action of the circuit court in overruling the demurrer of the defendant to the bill of the plaintiff. The statute directs that these proceedings to assess land damages shall be had in the county court; under the provisions of the law the proceedings may be removed to the circuit court (sec. 1, ch. 170, Code 1872), or the case may go to the circuit court on appeal from the county court. But if the case is proceeded in in the county court to final judgment, the amount of the damages fixed and paid and acquiesced in, paid on the one side and accepted without exception on the other, there is no authority in the law for the circuit court to set aside these proceedings; or, without setting them aside, proceed to appoint a new set of commissioners to assess other damages for the same land, upon the ground that the defendant company did not comply with its promise to erect a depot at the spot. A court of chancery cannot take jurisdiction of this subject upon the ground that there is no adequate remedy in a court of law. The remedy at law for the injury complained of is adequate and complete, and the subject does not come within any recognized head of equity jurisdiction. If the company agreed to erect a depot on the land, and claimed and obtained credit in the amount of damages assessed against them for the large pecuniary benefit alleged to probably accrue to the land owner by reason of the fact that the said company would erect

a depot there, and then for any cause, honest or dishonest, failed to erect the depot, and thus by their failure to do the promised act, deprived the land-owner of the amount of benefit for which they had received credit as against him, the remedy of the land-owner by suit in the common law court for damages for the injury so resulting to him, is obvious and plain, as the company must be liable in such action for such injury. But that does not give the circuit court authority, either to set aside the other assessment, nor to appoint commissioners and make a new one. There is no authority in the statute for the circuit court to make such assessment. *W. & P. R. R. Co.* v. *Washington,* 1 Rob. R. 72. It follows that the demurrer of the defendant to the bill of the plaintiff should have been sustained by the circuit court and the bill dismissed. The decree complained of is erroneous, and will be reversed and annulled.

DECREE REVERSED.